THE STATE OF OHIO, APPELLEE, *v.* STARNES, APPELLANT.

(No. 69-189—Decided January 14, 1970.)

*Mr. Loren G. Ishler,* for appellant.
*Mr. Harry Friberg,* prosecuting attorney, and *Mr. Harold M. Steinberg,* for appellee.

MATTHIAS, J. This case brings before us questions with respect to the Ohio implied consent statute, Section 4511.-191, Revised Code. That statute provides, in part, that:

"(A) Any person who operates a motor vehicle upon the public highways in this state shall be deemed to have

given consent to a chemical test or tests of his blood, breath, or urine for the purpose of determining the alcoholic content of his blood if arrested for the offense of driving while under the influence of alcohol. The test or tests shall be administered at the direction of a police officer having reasonable grounds to believe the person to have been driving a motor vehicle upon the public highways in this state while under the influence of alcohol. The law enforcement agency by which such officer is employed shall designate which of the aforesaid tests shall be administered.

" * * *

"(C) Any person under arrest for the offense of driving a motor vehicle while under the influence of alcohol shall be advised at a police station of the consequences of his refusal to submit to a chemical test designated by the law enforcement agency as provided in division (A) of this section. The advice shall be in a written form prescribed by the Registrar of Motor Vehicles and shall be read to such person. The form shall contain a statement that the form was shown to the person under arrest and read to him in the presence of the arresting officer and one other police officer or civilian police employee. Such witnesses shall certify to this fact by signing the form.

"(D) If a person under arrest for the offense of driving a motor vehicle while under the influence of alcohol refuses upon the request of a police officer to submit to a chemical test designated by the law enforcement agency as provided in division (A) of this section, after first having been advised of the consequences of his refusal as provided in division (B) [sic] of this section, no chemical test shall be given, but the Registrar of Motor Vehicles, upon the receipt of a sworn report of the police officer that he had reasonable grounds to believe the arrested person had been driving a motor vehicle upon the public highways of this state while under the influence of alcohol and that the person refused to submit to the test upon the request of the police officer and upon the receipt of the form as provided in division (C) of this section certifying that the arrested person was advised of the consequences of his refusal, shall

suspend his license or permit to drive, or any nonresident operating privilege for a period of six months, subject to review as provided in this section. * * *
*" * * *

"(F) Any person whose license or permit to drive or nonresident operating privilege has been suspended under this section, may, within twenty days of the mailing of the notice provided above, file a petition in the Municipal Court or the County Court, or in case such person is a minor in the Juvenile Court, in whose jurisdiction such person resides, agreeing to pay the cost of the proceedings and alleging error in the action taken by the Registrar of Motor Vehicles under division (D) of this section or in one or more of the matters within the scope of the hearing as provided in this section, or both. Such petitioner shall notify the registrar of the filing of the petition and send him a copy. The scope of such hearing shall be limited to the issues of whether a police officer had reasonable ground to believe the person had been driving a motor vehicle upon the public highways in this state while under the influence of alcohol, whether the person was placed under arrest, and whether he refused to submit to the test upon request of the officer, and whether he was advised of the consequences of his refusal.

"(G) * * *

"In hearing the matter and determining whether such person has shown error in the action taken by the Registrar of Motor Vehicles under division (D) of this section, the court shall decide such issue upon the registrar's certified affidavit and such additional relevant, competent, and material evidence as either the registrar or the person whose license is sought to be suspended submits."

Appellant contends that Section 4511.191, Revised Code, is violative of the United States Constitution in that it:

(1) Permits unreasonable searches and seizures in contravention of the Fourth Amendment.

(2) Compels a person to be a witness against himself in a criminal prosecution in contravention of the Fifth Amendment.

(3) Denies due process of law in contravention of the Fourteenth Amendment.

We shall treat appellant's contentions in order.

(1) Search and Seizure.

This court has previously had occasion to consider some constitutional objections to Section 4511.191, Revised Code, in the case of *Westerville* v. *Cunningham* (1968), 15 Ohio St. 2d 121. Although no Fourth Amendment issue was raised directly in that case, it is clear from the opinion therein that this court considered the question as to whether that statute permits an unreasonable search and seizure. We indicated therein that we considered the holding of the United States Supreme Court in *Schmerber* v. *California* (1966), 384 U. S. 757, as authorizing the administration, over objection by the accused, of the kinds of tests specified in Section 4511.191(A), Revised Code. That conclusion remains with us today, and appellant in the instant case has presented no argument which would cause us to alter that determination.

(2) Self-Incrimination.

Whether or not Section 4511.191, Revised Code, is violative of the self-incrimination clause of the Fifth Amendment was directly at issue in the *Cunningham case,* and we determined that it did not. Our specific holding in that case was that one accused of intoxication has no constitutional right to refuse to take a reasonably reliable chemical test, and the admission into evidence that one accused of intoxication refused to take such a test, and comment upon that fact by counsel are not violative of any constitutional privilege against self-incrimination.

Consequently, we find no merit in appellant's contention that Section 4511.191, Revised Code, violates the self-incrimination clause of the Fifth Amendment.

(3) Due Process.

Due process arguments were raised against the procedure of taking a blood test to prove an accused guilty of intoxication in *Schmerber* v. *California, supra* (384 U. S. 757), and dismissed on the authority of *Breithaupt* v. *Abram* (1956), 352 U. S. 432. It is clear that the nature of the due process arguments advanced in those cases

(that it is "brutal" for the state to conduct blood tests upon accused persons without their consent) differs markedly from the kind of argument advanced by appellant in this case.

Appellant herein contends that the proceeding authorized by Section 4511.191(F), Revised Code, is criminal in nature and violative of due process of law in that it permits the imposition of a criminal sanction when there has not been proof beyond a reasonable doubt of violation of law.

Without considering the question whether due process of law requires proof beyond a reasonable doubt as a prerequisite to the imposition of a criminal sanction, we determine that appellant must fail in this argument.

It is true, as appellant contends, that Section 4511.-191(F), Revised Code, permits the suspension of a driver's license without proof beyond a reasonable doubt that appellant was operating a motor vehicle while under the influence of alcohol. However, while presenting an issue of first instance before this court, this argument by appellant (that the proceeding to suspend a driver's license under an implied consent statute is criminal in nature) is far from novel, and has been considered by the highest courts of several other states. In each instance, the final determination has been adverse to appellant's position. *Gottschalk* v. *Sueppel* (1966), 258 Ia. 1173, 140 N. W. 2d 866; *Finocchario* v. *Kelly* (1962), 11 N. Y. 2d 58, 181 N. E. 2d 427, certiorari denied, 370 U. S. 912 (1962); *Beare* v. *Smith* (1966), 82 S. D. 20, 140 N. W. 2d 603; *Marbut* v. *Motor Vehicles Dept. of Hwy. Comm.* (1965), 194 Kan. 620, 400 P. 2d 982; *Blow* v. *Commr. of Motor Vehicles* (S. D. 1969), 164 N. W. 2d 351; *Blydenburg* v. *David* (Mo. 1967), 413 S. W. 2d 284. See, also, *Prucha* v. *Dept. of Motor Vehicles* (1961), 172 Neb. 415, 110 N. W. 2d 75; *State* v. *Muzzy* (1964), 124 Vt. 222, 202 A. 2d 267; *Heer* v. *Dept. of Motor Vehicles* (Ore. 1969), 450 P. 2d 533; *Atkinson* v. *Parsekian* (1962), 37 N. J. 143, 179 A. 2d 732; *Commonwealth* v. *Funk* (1936), 323 Pa. 390, 186 A. 65. See, generally, annotations 88 A. L. R. 2d 1064, and 96 A. L. R. 2d 612.

In *Blow* v. *Commr. of Motor Vehicles, supra* (164 N. W. 2d 351), the Supreme Court of South Dakota explained, at pages 352 and 353 in the opinion, that:

"The legislature has the full authority to prescribe the conditions upon which licenses to operate motor vehicles are issued and to designate the agency through which and conditions upon which licenses when issued shall be suspended or revoked. The right of a citizen to operate a motor vehicle upon the highways of this state is not a natural or unrestricted right, but a privilege which is subject to reasonable regulation under the police power of the state in the interest of public safety and welfare. * * *

"The proceeding to determine or review the suspension or revocation of a driver's license for refusal to submit to a chemical test is a civil and administrative proceeding. It is separate and distinct from a criminal action on a charge of driving while under the influence of intoxicating liquor or drugs. * * * Effectual revocation is not dependent upon conviction of the criminal charge related to the suggested test. * * * The purpose of the suspension or revocation is to protect the public and not to punish the licensee. * * *"

And in the case of *State* v. *Muzzy, supra* (124 Vt. 222), paragraphs one and two of the syllabus provide:

"1. The right to operate a motor vehicle upon a public street or highway is not a natural or unrestrained right, but a privilege which is subject to reasonable regulation under the police power of the state in the interest of public safety. * * *

"2. A criminal trial on a charge of operating a motor vehicle while under the influence of intoxicating liquor is a distinct and separate proceeding from a hearing to determine whether an operator's license should be suspended because of the holder's refusal to submit to a sobriety test."

In view of the foregoing authorities, we are convinced that proceedings under Section 4511.191 (F), Revised Code, are civil and administrative in nature and are intended for the protection of the traveling public and are independent of any criminal proceedings which may be instituted pursuant to other statutes or ordinances. Since the proceed-

ings are civil and administrative in nature, rather than criminal, a burden of proof less than proof beyond a reasonable doubt, is sufficient for a valid suspension of a driver's license pursuant to that statute.

Appellant's final argument is that the trial court erred in refusing to consider the fact that he was adjudged guilty of the offense of physical control of a motor vehicle while under the influence of intoxicating liquor as precluding a finding of reasonable ground to believe he was driving while under the influence of alcohol.

This argument, reduced to its simplest terms, is that the criminal conviction is *res judicata* as to the question of reasonable ground to believe that appellant was driving while under the influence of alcohol. We do not agree. Annotation, 96 A. L. R. 2d 612. See, also, annotations, 31 A. L. R. 261, 18 A. L. R. 2d 1287, and 42 A. L. R. 2d 634.

We hold that in a hearing under Section 4511.191(F), Revised Code, to determine if the Registrar of Motor Vehicles properly suspended a person's driver's license for refusing to take a chemical test, the fact that the person whose license has been suspended has been adjudged guilty of the offense of physical control of a motor vehicle while under the influence of intoxicating liquor does not preclude a finding of reasonable ground to believe that such person was driving while under the influence of alcohol.*

---

*A conviction for *physical control* of a motor vehicle while under the influence of intoxicating liquor carries the same penalty as a conviction for *driving* while under the influence of intoxicating liquor under the municipal ordinance involved in this case, but not under state laws providing the additional penalty of driver's license suspension.

Section 21-6-9, Toledo Municipal Code provides:

"(a) No person who is under the influence of intoxicating liquor, alcohol, or narcotic drugs, or opiates *shall operate or be in actual physical control* of any vehicle, within this city.

"(b) Every person who is convicted of a violation of this section shall be punished by a fine of not more than five hundred dollars or imprisonment in the county or municipal jail for not more than six months, or both such fine and imprisonment." (Emphasis added.)

Section 4507.16, Revised Code, provides, in part:

"The trial judge of any court of record shall, in addition to, or independent of all other penalties provided by law or by ordinance,

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., O'NEILL, SCHNEIDER, STRAUSBAUGH, DUNCAN and CORRIGAN, JJ., concur.

STRAUSBAUGH, J., of the Tenth Appellate District, sitting for HERBERT, J.

suspend for not less than thirty days nor more than three years or revoke the license of any person who is convicted of or pleads guilty to any of the following:

"* * *

"(B) *Operating* a motor vehicle while under the influence of intoxicating liquor or narcotic drug;

"* * *

"No court shall suspend the first thirty days of suspension of license provided for under this section." (Emphasis added.)

Section 4509.31, Revised Code, provides:

"Whenever the Registrar of Motor Vehicles receives notice from a court of record that a person has been convicted of, pleads guilty, or forfeits any bail or collateral deposited to secure an appearance for trial for any of the crimes listed in section 4507.16 of the Revised Code, the registrar shall suspend the license of such person and the registration of all motor vehicles registered in the name of such person as the owner except that the registrar shall not suspend such license and registration unless otherwise required by law in the event such owner has given or immediately gives and thereafter maintains, for a period of three years, proof of financial responsibility with respect to all the motor vehicles registered by such person as the owner."

Appellant has avoided suspension of his driver's license pursuant to Section 4507.16, Revised Code, or Section 4509.31, Revised Code, by his plea of guilty to *physical control* of a motor vehicle while under the influence of intoxicating liquor. However, we determine that he has not avoided a license suspension under the provisions of Section 4511.191, Revised Code.