FLAUGHER *v.* CURRY, REGISTRAR, BUREAU OF MOTOR VEHICLES.

(No. 5517—Decided July 30, 1973.)

South Euclid Municipal Court.

*Mr. James P. Celebrezze,* for plaintiff.
*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Thomas Cables,* for defendant.

KLEIN, J. This matter is before this court on the petition of William Flaugher alleging error by C. Donald Curry, Registrar of Motor Vehicles, in suspending his driver's license for a six-month period pursuant to R. C. 4511.191.

R. C. 4511.191(F) limits the scope of a court hearing in a proceeding of this type to the following issues:

(1) Whether a police officer had reasonable ground to believe the person had been driving a motor vehicle upon the public highways of this State while under the influence of alcohol.

(2) Whether the person was placed under arrest.

(3) Whether the person refused to submit to a chemical test or tests of his blood, breath or urine upon the request of the arresting officer.

(4) Whether the person was advised of the consequences of his refusal.

The evidence elicited at the hearing in this case clearly and unequivocally established Items (1), (3) & (4) above. The only real issue is with respect to Item (2).

The facts leading up to petitioner's (Flaugher's) licen-

se being suspended by the Registrar of Motor Vehicles are as follows: An accident occurred on Mayfield Rd. at the intersection of Mayfield Rd. and Victory Drive in the city of South Euclid, Ohio. When Patrolman C. Brooks of the South Euclid Police Department arrived at the scene, the operator of one of the two vehicles involved in the accident advised him that the other driver had left the scene and that the license number of the motor vehicle operated by this other driver was Ohio License No. BW 4936. Brooks then ascertained that this license number was issued to William Flaugher III whose residence address was 4483 Edmond Road, South Euclid, Ohio. Upon his arrival at 4483 Edmond Road, Patrolman Brooks observed a damaged motor vehicle with Ohio License No. BW 4936 parked in the driveway. After being granted entry into the Flaugher residence, Brooks interviewed the petitioner (Flaugher), at which time Brooks noted a strong odor of an intoxicating beverage on Flaugher's breath, that his speech was slurred, and other factors indicating he was under the influence of alcohol. During the course of their discussion, Flaugher belatedly admitted to Brooks that he had been in an accident on Mayfield Road near the intersection of Mayfield and Victory Drive a short time before. In response to an inquiry by Brooks, Flaugher stated that he had not consumed any alcoholic beverages after returning to his home from the accident scene. Patrolman Brooks informed Flaugher that he was under arrest for driving a motor vehicle while under the influence of alcohol and for leaving the scene of an accident. Flaugher was then transported to the South Euclid Police Station where he was offered, and refused, to take a breathalizer test. After the police completed giving him various physical tests, he was charged with operating a motor vehicle while under the influence of alcohol and for leaving the scene of an accident.

In support of his claim that the action of the Registrar was erroneous, petitioner cites R. C. 2935.03 which provides in part, as follows:

"A * * * police officer shall arrest and detain a per-

son *found violating* a law of this state, or an ordinance of a municipal corporation, until a warrant can be obtained." (Emphasis added.)

By virtue of the above statute, petitioner claims that his arrest was invalid and void because he was not "found violating" a state law or a city ordinance by Patrolman Brooks, and, therefore, Brooks lacked the authority to arrest him for driving while under the influence of alcohol without first having obtained a warrant for his arrest.

Although as a matter of first impression there may appear to be some merit in petitioner's claim, his argument fails under careful analysis. R. C. 4511.191(F) limits the scope of the hearing before this court to four questions. The one which is critical here is whether Flaugher "* * * was placed under arrest." Clearly, he "* * * was placed under arrest" by Patrolman Brooks, thereby satisfying the requirement of R. C. 4511.191(F) in this regard. The question of whether or not Patrolman Brooks should have obtained a warrant before arresting Flaugher for driving while under the influence of alcohol and for leaving the scene of an accident is a matter which is relevant in a criminal proceeding against Flaugher for driving while under the influence of alcohol and/or leaving the scene of an accident. It is not a relevant consideration in an administrative proceeding under R. C. 4511.191, the sole requisite of R. C. 4511.191(F) in this regard being that Flaugher be "* * * placed under arrest"—which he was. The fact that a proceeding under R. C. 4511.191 *is civil and administrative and entirely independent of any proceeding under a criminal statute or ordinance* was clearly and concisely enunciated as follows in the following two decisions of the Supreme Court of Ohio:

"R. C. 4511.191, the implied-consent statute, is constitutional and the proceedings thereunder are civil and administrative in nature and are independent of any criminal proceedings which may be instituted pursuant to other statutes or ordinances. * * *" Paragraph one of the syllabus in *Hoban* v. *Rice* (1971), 25 Ohio St. 2d 111, 267 N. E. 2d 311.

"* * * Proceedings under Section 4511.191(F), Revised Code, are civil and administrative in nature and are intended for the protection of the traveling public, and are independent of any criminal proceedings which may be instituted pursuant to other statutes or ordinances." Paragraph two of the syllabus in *State* v. *Starnes* (1970), 21 Ohio St. 2d 38, 254 N. E. 2d 675.

Since petitioner's motion to dismiss (and petition) must be denied for the hereinabove explained reasons, it is unnecessary to consider the additional contention of the county prosecutor that under the law as explained by the Supreme Court of Ohio in the recent decision of *Oregon* v. *Szakovitz* (1972), 32 Ohio St. 2d 271, 291 N. E. 2d 742, Patrolman Brooks was not required to obtain a warrant before arresting Flaugher.

For the reasons set forth above, it is the conclusion of this court that petitioner has failed to show error in the action taken by the registrar or in any of the four matters within the scope of the hearing in this court; therefore, petitioner's petition must be denied.

*Petition denied.*