841 F.2d 1125
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul J. CORBIN, Plaintiff-Appellant,
v.
Col. Jack WALSH, Superintendent, Ohio State Highway Patrol;
et al., Defendants-Appellees.
 No. 87-3264.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1988.
 
 Before BOYCE F. MARTIN, JR., and ALAN E. NORRIS, Circuit Judges and JOINER,* U.S. District Judge.
 PER CURIAM.
 
 
 1
 Paul Corbin appeals a district court decision holding his constitutional challenge to the Ohio implied consent statute, Ohio Revised Code Sec. 4511.191, precluded by virtue of his earlier action in Ohio municipal court.
 
 
 2
 On November 27, 1983, trooper R.W. Markowski of the Ohio State Highway Patrol arrested Corbin for operating a motor vehicle while intoxicated. Markowski asked Corbin to submit to a breath test. Pursuant to Ohio Revised Code Sec. 4511.191(C), Markowski informed Corbin that his driver's license would be suspended for one year if he refused to submit to the test. Corbin refused. Markowski took Corbin's license, and he certified the fact of refusal to the Ohio Bureau of Motor Vehicles.
 
 
 3
 On November 30, 1983, Corbin entered a plea of not guilty to the charge of driving while intoxicated. On December 20, 1983, Corbin received notice from the registrar of motor vehicles that his driving privileges would be suspended for one year effective January 9, 1984. On January 6, 1984, Corbin initiated an action in Ohio municipal court under Ohio Revised Code Sec. 4511.191(F). As a result of this action, the effective date of the one-year suspension was postponed until June 13, 1984, and Corbin was granted occupational driving privileges during his suspension.
 
 
 4
 On February 13, 1984, Corbin was tried in municipal court on the charge of operating a motor vehicle while intoxicated in violation of Ohio Revised Code Sec. 4511.19. Corbin reiterated his plea of not guilty. On March 5, 1984, the court found Corbin guilty.
 
 
 5
 On August 27, 1984, Corbin filed a complaint with the district court. Corbin alleged a number of causes of action, only one of which is in issue on appeal. Specifically, Corbin alleged that Ohio Revised Code Sec. 4511.191(I) is unconstitutional because it provides for termination of an administrative suspension of driving privileges for a person who refused a breath test but subsequently pleads guilty or no contest to the offense, but does not provide for a similar termination in the case of a person who pleads not guilty. Corbin challenged section 4511.191(I) on the grounds that it operated to deny him due process and the equal protection of the laws. Corbin asked the district court to declare section 4511.191(I) unconstitutional, to enjoin further enforcement of the section, and to order the termination of all administrative suspensions of licenses under the section.
 
 
 6
 The district court never reached the merits of Corbin's constitutional challenge to section 4511.191(I). Instead, the district court found that Corbin's constitutional claim was precluded by the doctrine of res judicata. The district court concluded that, because he could have raised the claim in his January 6, 1984 action before the municipal court, Corbin was precluded from raising his constitutional challenge in federal court. Johnson's Island, Inc. v. Board of Township Trustees, 69 Ohio St.2d 241, 431 N.E.2d 672 (1982).
 
 
 7
 Corbin contends that the doctrine of res judicata was improperly applied to his claim because it could not have been raised in the earlier municipal court proceeding. Corbin argues that the municipal court in which his earlier suit was brought had neither jurisdiction to consider his constitutional challenge nor the power to grant the desired declaratory and injunctive relief.
 
 
 8
 Corbin's municipal court action was brought under Ohio Revised Code Sec. 4511.191(F). That statute provides:
 
 
 9
 Any person whose operator's or chauffeur's license or permit or nonresident operating privilege has been suspended pursuant to this section, may, within twenty days of the mailing of the notice provided above, file a petition in the municipal court or the county court, or in case the person is a minor in the juvenile court, in whose jurisdiction the person resides or in whose jurisdiction the arrest occurred if the person is not a resident of this state, agreeing to pay the cost of the proceedings and alleging error in the action taken by the registrar of motor vehicles under division (D) of this section or alleging one or more of the matters within the scope of the hearing as provided in this section, or both. Such petitioner shall notify the registrar of the filing of the petition and send him a copy of the petition.
 
 
 10
 The scope of the hearing is limited to the issues of whether the law enforcement officer had reasonable ground to believe the petitioner was operating a motor vehicle upon the public highways in this state while under the influence of alcohol, whether the petitioner was placed under arrest, whether the bodily substance taken from the arrested person was analyzed in accordance with methods approved by the director of health by a person who possesses a valid permit issued by the director pursuant to section 3701.143 of the Revised Code, whether the petitioner refused to submit to the chemical test upon request of the officer, and, if the petitioner refused, whether he was advised of the consequences of his refusal, and whether his employment is of such a nature that his ability to continue in the employment would be seriously affected if the suspension otherwise required under this section is imposed.
 
 
 11
 Corbin points out that an action brought under section 4511.191(F) is a special proceeding which is statutorily limited in scope. Corbin argues that because constitutional review is not among the issues expressly set out in the second paragraph, section 4511.191(F) does not permit the municipal court to entertain constitutional challenges.
 
 
 12
 We agree with the district court that Corbin could have raised his constitutional challenge to section 4511.191(I) in the original municipal court proceeding. The first paragraph of section 4511.191(F) expressly grants jurisdiction over allegations of error in the action taken by the registrar of motor vehicles under section 4511.191(D). Section 4511.191(D), in turn, instructs the registrar to comply with the requirements of section 4511.191(I). Consequently, section 4511.191(F) on its face permits challenges to the registrar's compliance with section 4511.191(I). Moreover, there is an established practice of Ohio municipal courts entertaining constitutional challenges during section 4511.191(F) proceedings. See McNulty v. Curry, 42 Ohio St.2d 341, 328 N.E.2d 798 (1975) (municipal court holding section 4511.191(F) proceeding entertains claim that section 4511.191 violates the Sixth and Fourteenth Amendments); Hoban v. Rice, 25 Ohio St.2d 111, 267 N.E.2d 311 (1971) (municipal court holding section 4511.191(F) proceeding entertains claim that section 4511.191 violates Fourth and Fifth Amendments); State v. Starnes, 21 Ohio St.2d 38, 254 N.E.2d 675 (1970) (municipal court holding section 4511.191(F) proceeding entertains claim that section 4511.191 violates Fourth, Fifth, and Fourteenth Amendments); Haas v. State, 7 Ohio App.3d 139, 454 N.E.2d 974 (1982) (municipal court holding section 4511.191(F) proceeding entertains claim that section 4511.191(I) is unconstitutional).
 
 
 13
 Corbin next argues that, even if his constitutional claim could have been raised in municipal court, the municipal court was unable to provide the relief he sought. Corbin argues that the municipal court lacked jurisdiction to issue a declaration that section 4511.191(I) was unconstitutional. We disagree. Although Ohio municipal courts do not have authority to grant declaratory relief outside of their limited subject matter jurisdiction, " [a] Municipal Court has the power to grant relief by declaratory judgments within the limits of its jurisdiction of the subject matter." State, ex rel. Forman v. Bellfontaine Municipal Court, 12 Ohio St.2d 26, 28, 231 N.E.2d 70 (1967). Therefore, a municipal court exercising jurisdiction under sections 4511.191(F) could grant declaratory relief in relation to that statute.
 
 
 14
 Corbin's remaining argument is that the municipal court lacked authority to issue the injunctive relief he sought. Ohio's municipal courts are not courts of general equitable jurisdiction. Instead, the Ohio General Assembly has provided for municipal courts to exercise equitable jurisdiction over particular subject matters. See, e.g., Ohio Revised Code Sec. 1901.18(C) (municipal courts authorized to determine all legal and equitable issues and remedies in any action at law based on contract). No statute expressly authorizes a municipal court to grant equitable relief in a section 4511.191(F) proceeding. Nevertheless, we agree with the district court that the municipal court could have afforded Corbin with substantially all of the relief requested.
 
 
 15
 It is clear that the municipal court could have provided Corbin with the declaratory judgment he sought. Theoretically, had Corbin successfully obtained a declaration that section 4511.191(I) was unconstitutional, the administrative suspension of his driver's license under that section would have been vacated. We recognize that Corbin's request for an injunction against all further enforcement of the section goes beyond the mere vacation of his own suspension. We do not, however, find this difference in relief so significant as to require the district court to allow Corbin a second opportunity to contest the suspension of his license on the grounds that section 4511.191(I) is unconstitutional. In his section 4511.191(F) proceeding before the municipal court, Corbin was afforded the opportunity to contest the suspension of his license on the grounds that section 4511.191(I) is unconstitutional; we do not believe that he must be afforded another opportunity to raise the same claim in federal court merely because he can recharacterize the requested form of relief to include other persons similarly situated. We recognize that the municipal court could have entertained Corbin's constitutional challenge to section 4511.191(I) and could have granted substantially all of the declaratory and injunctive relief sought. Consequently, we believe that the district court properly held that Corbin was precluded from raising his constitutional claim in federal court because he had the opportunity to raise substantially the same claim in his earlier state court action.
 
 
 16
 The judgment of the district court is affirmed.
 
 
 
 *
 Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation