54

■■■■■■■■■■■■■■■■■■■■

**The STATE of Ohio**

**v.**

**HARRISON.**■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Trumbull County Court,
Central District,
Cortland, Ohio.

Nos. 94–TRC–955A, 94–TRC–955B.

Decided May 14, 1995.

*Kenneth H. Inskeep*, Assistant Prosecuting Attorney, for plaintiff.

*Martin S. Delahunty III*, for defendant.

■■■■■■■■■■■■■■■■■■■■■■■■■

THOMAS A. CAMPBELL, Judge.

■ This matter came on for consideration upon defendant's motion to dismiss, wherein he argues that continued prosecution here is prohibited by the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.

Defendant argues that the state's administrative suspension of defendant's driving privileges, pursuant to R.C. 4511.191, is prior punishment under current double jeopardy analysis, and consequently the state may not proceed with the criminal action under R.C. 4511.19.

■ The Double Jeopardy Clause protects individuals from three distinct governmental abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. In the case at hand, the defendant argues that the administrative suspension is prior punishment and that continued prosecution here would result in impermissible multiple punishment for the same offense.

To prevail, the defendant must show that: (1) the Administrative License Suspension ("ALS") and the criminal action are separate proceedings; (2) both the administrative proceeding and the criminal proceeding arise from the same conduct of the defendant; and (3) the sanctions imposed under the ALS proceeding were "punishment." See *United States v. $405,089.23 U.S. Currency* (C.A.9, 1994), 33 F.3d 1210.

I. Separate proceedings?

R.C. 4511.191 itself states that the ALS proceeding is independent of any criminal action. The Ohio Supreme Court has also stated that ALS proceedings are independent of any criminal action. See *Hoban v. Rice* (1971), 25 Ohio St.2d 111, 54 O.O.2d 254, 267 N.E.2d 311. See, also, *State v. Starnes* (1970), 21 Ohio St.2d 38, 50 O.O.2d 84, 254 N.E.2d 675.

Clearly, the ALS proceeding and the criminal action are separate proceedings.

II. Same conduct giving rise to both actions?

The defendant's driving privileges were administratively suspended under the ALS proceeding as a result of his conduct of operating a motor vehicle at a time when his breath contained a prohibited concentration of alcohol. The prohibited concentration of alcohol under the ALS statute is the same as in the criminal (DUI) statute.

In prosecuting the criminal charge, the state will attempt to prove essentially the same elements as were deemed established in the ALS proceeding. Therefore, both the ALS proceeding and the criminal action arise from the same conduct of the defendant.

III.  Are ALS sanctions "punishment" for double jeopardy purposes?

Defendant argues that the state's automatic suspension of the defendant's driving privileges in the ALS proceeding is punishment for double jeopardy purposes.

Defendant cites two relatively recent federal cases as support of his argument: *United States v. Halper* (1989), 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487; and *Dept. of Revenue of Montana v. Kurth Ranch* (1994), 511 U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767. Before these decisions, it was deemed constitutionally acceptable to impose both criminal punishment and separate civil "sanctions" against an individual for one incident of criminal conduct. Now, however, the rules have changed.

The United States Supreme Court has determined that a civil sanction could be deemed "punishment" for double jeopardy purposes. It is the nature of the prior sanction (either punishment or remedial) which must be considered, not the nature of the proceeding giving rise to the sanction. *Halper,* 490 U.S. at 447, 109 S.Ct. at 1901, 104 L.Ed.2d at 501, fn. 7.

The court found that double jeopardy is implicated by a civil sanction "to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." *Halper,* 490 U.S. at 449, 109 S.Ct. at 1902, 104 L.Ed.2d at 502.

The question here is whether the ALS sanctions are remedial or punitive. If the sanctions are remedial, then double jeopardy is not offended, and the state may proceed with the criminal action against defendant. On the other hand, if the ALS sanctions are punitive, then double jeopardy prohibits the state from proceeding further with the criminal action.

The two primary "sanctions" which state imposes in ALS proceedings are: (1) the suspension of driving privileges; and (2) imposition of a $250 reinstatement fee at the expiration of the suspension.

Does the loss of driving privileges in the ALS proceeding serve a remedial purpose? Defendant asserts that the suspension is punitive. Common sense appears to support this argument. However, trial courts are not always free to rely upon such authority.

The state denies the punitive nature of the ALS sanctions and relies upon the Ohio Supreme Court's previous statement that " '[t]he purpose of *the suspension*

*or revocation is* to protect the public and *not to punish the licensee.* * * * ' " (Emphasis added.) *State v. Starnes, supra,* 21 Ohio St.2d at 45, 50 O.O.2d at 88, 254 N.E.2d at 679. See, also, *Andrews v. Turner* (1977), 52 Ohio St.2d 31, 6 O.O.3d 149, 368 N.E.2d 1253.

Unlike the case at hand, both of those cases dealt with drivers who had refused to submit to a chemical test. Nevertheless, the issue is the sanction being imposed and whether it is "punishment," not the driver's conduct giving rise to the sanction. The Ohio Supreme Court has stated that administrative suspension of driving privileges is not punishment. This court lacks the authority to disagree with that decision, irrespective of how at odds it seems to be with common sense.

Does the imposition of a $250 reinstatement fee rise to the level of "punishment" for purposes of double jeopardy? Here too, it appears the answer is no.

The *Halper* decision, itself, recognizes the government's legitimate right to impose monetary civil sanctions which are not necessarily "punishment," and even authorizes the collection of double actual damages in certain cases. *Halper,* 490 U.S. at 444–446, 109 S.Ct. at 1899–1901, 104 L.Ed.2d at 499–500.

The United States Supreme Court, in *Halper,* also acknowledged the government's right to recover costs and protect itself from financial loss, including ancillary costs, such as the costs of detection and investigation that routinely attend the government's efforts. The court further declared that a fixed monetary sanction is not necessarily objectionable, and said that these could be viewed as a type of liquidated damages. *Id.,* 490 U.S. at 444–446, 109 S.Ct. at 1899–1901, 104 L.Ed.2d at 499–500.

While both the defendant and the state failed to reference it, the Ohio Supreme Court has addressed the new double jeopardy analysis announced in the *Halper* decision, albeit not directly as it relates to ALS sanctions. See *Celebrezze v. Hughes* (1991), 58 Ohio St.3d 273, 569 N.E.2d 1059. The *Hughes* decision is helpful in resolving the present motion. In that case, the Ohio Supreme Court noted the *Halper* decision and stated that:

"Although an authorized civil penalty may be so extreme and divorced from the government's damages and expenses as to constitute punishment, that case is limited to the situation where a civil penalty is 'overwhelmingly disproportionate' to the damages caused by the offender." *Hughes,* 58 Ohio St.3d at 276–277, 569 N.E.2d at 1063.

In applying this reasoning, it is noteworthy that the state of Ohio has given significant attention and priority to combatting drunken driving. The cost of such attention is substantial, including many work hours of officers on roads, increased clerical tasks, and sophisticated equipment and telecommunications.

A $250 reinstatement fee does not strike this court as being "overwhelmingly disproportionate" or out of line with the state's actual costs.

Defendant has failed to demonstrate that the civil ALS sanctions are "punishment" for purposes of double jeopardy. Therefore, defendant's motion to dismiss is denied.

*So ordered.*