{¶ 19} The fronting policy at issue in this case is self-insurance because under no circumstances will USFG be required to pay under the policy — United Rentals' deductible matches the limits of liability. This is the essence of practical self-insurance as described in Grange Mut. Cas. Co. v. Refiners Transp. Term. Corp. (1986),21 Ohio St.2d 47. Because United Rentals is for all practical purposes self-insured, USFG had no obligation to make any offer of UIM coverage, and such coverage would not arise by operation of law underAbate v. Pioneer Mut. Cas. Co. (1970), 22 Ohio St.2d 161, paragraph two of the syllabus.
 {¶ 20} We recently had occasion to consider this same issue inStraubhaar v. Cigna Prop. Casualty Co., Cuyahoga App. No. 81115, 2002-Ohio-4791, albeit in conclusory form because the parties requested that the appeal be heard on the accelerated docket pursuant to App.R. 11.1(E). One could summarily reverse the court on that authority alone.
 {¶ 21} However, R.C. 4509.45 permits one to be self-insured by submitting proof of financial responsibility by filing, among other things, a surety bond as provided in R.C. 4509.59 or a certificate of self-insurance as provided in R.C. 4509.72. See R.C. 4509.45(C) and (E).
 {¶ 22} United Rentals did not submit proof of financial responsibility under R.C. 4509.45, but the absence of that proof is not dispositive of the question of self-insurance. In Grange, the supreme court recognized that entities could be self-insured in the "practical sense," even if they did not comply with the statutory (or "legal") means for proving financial responsibility. The syllabus to Grange states, "[t]he uninsured motorist provisions of R.C. 3937.18 do not apply to either self-insurers or financial responsibility bond principals."
 {¶ 23} Grange did not involve insurance of the kind involved in this case, but that is a distinction without meaning. The undisputed facts show that United Rentals carried what is known as a "fronting" policy with USFG. A fronting policy is a form of self-insurance in which the deductible is identical to the limits of liability, and the insurance company acts only as surety that the holder of the fronting policy will be able to pay any judgment covered by the policy. See AirLiquide America Corp. v. Continental Cas. Co. (C.A.10, 2000),217 F.3d 1272, 1274, citing Note, Self-Insurance as Insurance in Liability Policy "Other Insurance" Provisions (1999), 56 Wash. Lee L.Rev. 1245, 1257. Because the USFG policy had a deductible that matched the limits of liability, USFG would, in the "practical sense," have no obligation to pay any claim because the United Rentals deductible equaled the limits of liability under the policy. The risk of loss stayed entirely with United Rentals — and this is consistent with the concept of self-insurance. See Lafferty v. Reliance Ins. Co.
(S.D.Ohio 2000), 109 F. Supp.2d 837; Rutlin v. Nat'l. Union Fire (Apr. 22, 2003), S.D. Ohio No. C-3-00-291; Dalton v. Wilson, Franklin App. No. 01 AP-1014, 2002-Ohio-4015, at ¶ 35; Adams v. Fink, Ross App. No. 02CA2660, 2003-Ohio-1457.
 {¶ 24} It makes no difference to my conclusion that United Rentals holds a policy of insurance with USFG. The majority argues that USFG's position is such that it renders the policy a "blank piece of paper," but that is most certainly not true. The policy defines the limits of United Rentals's liability. It also permits USFG to administer claims. USFG also can deal with the complexities of individual state law and ensure that United Rentals carries the type of coverage mandated in a particular state. Moreover, an insurance company has expertise in processing and handling claims, and United Rentals clearly paid a premium for that service. All of these conditions are relevant to the administration of a claim against United Rentals, but in no way affect the established fact that USFG is not liable to pay any sum under the policy.
 {¶ 25} I also disagree with the majority's reliance on Dalton v.Wilson, Franklin App. No. 01AP-1014, 2002-Ohio-4015, for the proposition that even under a fronting agreement the risk of loss stays with the insurer. At bottom, the fronting agreement in this case is no different in practical effect from a surety bond which is approved as a form of self-insurance. A surety is one who agrees to pay money or do any other act in the event that the principal fails to perform an act as set forth in the surety agreement. This means that the self-insured bears the burden of meeting any financial obligations that might arise in the event of a motor vehicle accident, and the surety acts to guarantee payment in the event the self-insured is unable to meet those obligations. The fronting agreement in place between USFG and United Rentals operates in exactly the same manner as a surety agreement. USFG has no liability unless and until United Rentals is unable to meet its deductible.
 {¶ 26} Because I believe that United Rentals is self-insured in the practical sense described in Grange, I would find that the court erred by granting summary judgment to Gilchrist. I would reverse and enter judgment on behalf of USFG.