[Cite as *State v. Gabriel*, 2025-Ohio-2971.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 24-CA-00013 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Perry County Municipal Court, Perry County, Ohio, Case No. TRD 2400959 |
| MICHAEL PAUL GABRIEL, | |
| Defendant – Appellant | Judgment: Affirmed |
| | Date of Judgment Entry: August 19, 2025 |

**BEFORE:** William B. Hoffman; Andrew J. King; Robert G. Montgomery, Appellate Judges

**APPEARANCES:** NANCY RIDENOUR, for Plaintiff-Appellee; MICHAEL PAUL GABRIEL, pro se, Defendant-Appellant.

OPINION

*Montgomery, J.*

{¶1}    Defendant-Appellant, Michael Paul Gabriel ("Appellant"), appeals the Perry County Municipal Court, Perry County, Ohio, decision finding him guilty of speeding. For the following reasons, we affirm.

**STATEMENT OF CASE**

{¶2}    Appellant was cited for operating a motor vehicle 69 mph in a 55-mph zone, in violation of R.C. 4511.21(D)(1). Appellant pled not guilty, and the case proceeded to trial. Appellant moved to dismiss the charge, advancing constitutional arguments that he

is a "private traveler" and not subject to the State's licensing or speed regulation statutes because he was not engaged in commerce. The trial court denied the motion and found Appellant guilty. Appellant filed the instant appeal.[1]

## FACTS

{¶3} On October 5, 2024, Appellant was operating a motor vehicle on an Ohio state route, in Perry County. Appellant was driving, with his children in the car, to visit some friends. A highway trooper pulled over Appellant and cited him for operating a motor vehicle is excess of the speed limit (speeding) - going 69 in a 55-mph zone. Although Appellant did not provide the trooper with his license at the time of the stop, Appellant does have a valid driver's license.

## ASSIGNMENTS OF ERROR

{¶4} "I. THE TRIAL COURT ERRED IN FAILING TO DISMISS THE CASE FOR LACK OF A VALID CAUSE OF ACTION, WHERE THE DEFENDANT-APPELLANT WAS EXERCISING A CONSTITUTIONALLY PROTECTED RIGHT TO TRAVEL AND WAS NOT ENGAGED IN COMMERCIAL ACTIVITY SUBJECT TO STATUTORY REGULATION."

{¶5} "II. THE TRIAL COURT ERRED BY DISREGARDING BINDING UNITED STATES SUPREME COURT PRECEDENT AFFIRMING THAT NO STATE MAY CONVERT A RIGHT INTO A PRIVILEGE AND CRIMINALIZE THE EXERCISE THEREOF WITHOUT A LICENSE."

{¶6} "III. THE TRIAL COURT ERRED IN ALLOWING PROSECUTION TO PROCEED WHERE THE ELEMENT OF WILLFULNESS COULD NOT BE PROVEN BEYOND A REASONABLE DOUBT, AS REQUIRED BY CONSTITUTIONAL STANDARDS."

---

[1]This Court notes that two pending motions remained at the time this matter was submitted for oral argument on August 5, 2025. By virtue of rendering this Opinion, we need not further address said motions.

## ANALYSIS

**{¶7}** Because the first two assignments of error are interrelated, we address them together. In his first and second assignments of error, Appellant argues that because he has a fundamental right to travel, and because he was not engaged in commercial activity at the time in question, the State cannot enforce its rules or regulations upon him. We disagree.

**{¶8}** The constitutional right to travel is well settled. *Saenz v. Roe*, 526 U.S. 489 (1999). However, it is equally well settled that this right does not extend to the specific mode of transportation, such as operating a motor vehicle. As the United States Supreme Court reinforced in *Saenz*, the right to travel is simply the right to move freely and indiscriminately between the states. In *Saenz*, the Court stated:

> The "right to travel" discussed in our cases embraces at least three different components. It protects the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State.
>
> *Saenz,* at 500.

**{¶9}** Federal courts have emphasized that the fundamental right to travel does not equate to a fundamental right to drive a motor vehicle. *See Duncan v. Cone*, 2000 WL 1828089, at *2 (6th Cir.), citing *Miller v. Reed*, 176 F.3d 1202, 1205-06 (9th Cir. 1999)

(the defendant did not have a fundamental right to drive a motor vehicle).[2] "[T]he right to travel is protected under the Fifth Amendment, but it is not an absolute right. States have the power to regulate the use of their highways and require drivers to have a valid license." *Strickland v. Cusick*, 2023 WL 9955698, at *1 (E.D. Mich.), citing *Hendrick v. Maryland*, 235 U.S. 610 (1915); *Mors on behalf of Grady El v. Canton Police Dep't*, 2020 WL 2308679, at *5 (E.D. Mich.) (citation omitted) ("While the Fifth Amendment creates and protects a fundamental right to travel, 'there is no fundamental right to drive a motor vehicle,' and states are free to require drivers to have licenses."). A burden on a single mode of transportation does not impede one's right to travel. *Duncan*, at *2 ("A burden on a single mode of transportation simply does not implicate the right to interstate travel."); *Miller*, 176 F.3d, at 1205-06; *Aziza El v. City of Southfield*, 2010 WL 1063825, at *5 (E.D. Mich. Mar. 22, 2010) ("Plaintiff does not have a constitutional right to operate a motor vehicle and state licensure and registration requirements do not violate an individual's constitutional right to travel.").

---

[2] The *Miller* court explained that the right to travel does not mean the right to a particular mode of transportation, such that the DMV did not unconstitutionally deny Miller's right to a driver's license. The *Miller* court stated:

"The Supreme Court of Rhode Island in *Berberian v. Petit,* 118 R.I. 448, 374 A.2d 791 (1977), put it this way:

The plaintiff's argument that the right to operate a motor vehicle is fundamental because of its relation to the fundamental right of interstate travel is **utterly frivolous**. The plaintiff is not being prevented from traveling interstate by public transportation, by common carrier, or in a motor vehicle driven by someone with a license to drive it. What is at issue here is not his right to travel interstate, but his right to operate a motor vehicle on the public highways, and we have no hesitation in holding that this is not a fundamental right. 374 A.2d at 794." (Emphasis added.)

*Miller*, at 1206.

**{¶10}** Ohio courts have applied the same analysis, holding that the "mode of transportation" upon the roadways is a privilege subject to reasonable regulation. Indeed, "[t]he Supreme Court of Ohio has adopted the proposition that the right of a citizen to operate a motor vehicle upon the highways of this state is not a natural or unrestricted right, but a privilege which is subject to reasonable regulation under the police power of the state, in the interest of public safety and welfare." *Ryan v. Andrews*, 50 Ohio App. 2d 72, 76 (1976), citing *State v. Starnes*, 21 Ohio St.2d 38 (1970) (finding the right to operate a motor vehicle upon a public street or highway is not a natural or unrestrained right but a privilege which is subject to reasonable regulation under the police power of the state in the interest of public safety).

**{¶11}** In *Matthews*, the defendant asserted that, "freedom and movement and travel are 'rights' which cannot be unconstitutionally 'converted' into a governmental privilege by requiring licensure and registration." *State v. Matthews*, 2016-Ohio–5055, ¶ 7 (2d Dist.). The Second District rejected the argument stating:

> [T]here is no fundamental right to drive a motor vehicle, and a "burden on a single mode of transportation simply does not implicate the right to interstate travel." *St. Paris v. Galluzzo* [2d Dist. Champaign No. 2014-CA-4, 2014–Ohio–3260], at ¶ 15, quoting *State v. Gunnell*, 10th Dist. Franklin No 13AP–90, 2013–Ohio–3928, ¶ 13 (which quoted *Duncan v. Cone*, 6th Cir. No. 00–5705, 2000 WL 1828089 (Dec. 7, 2000)). "The right of a citizen to operate a motor vehicle upon the highways of this state is not a natural or unrestricted right, but a privilege which is subject to reasonable regulation under the police power of the state in the interest of public safety and

welfare." *State v. Starnes*, 21 Ohio St.2d 38, 45, 254 N.E.2d 675 (1970), quoting *Blow v. Commr. of Motor Vehicles,* 64 N.W.2d 351, 352 (S.D.1969). Licensure and registration are such reasonable regulations.

*Id.*

**{¶12}** Based on these well-established principles, the court in *Eytcheson* similarly overruled the defendant's constitutional arguments and determined "the trial court properly distinguished between the right to interstate travel and the privilege of operating a motor vehicle, which is subject to reasonable regulation." *State v. Eytcheson,* 2018-Ohio-2036, ¶ 18 (2d Dist.).

**{¶13}** Thus, contrary to Appellant's position, the fundamental right to travel does not equate or extend to the right to operate a motor vehicle on a public road. The operation of a motor vehicle is considered a privilege that is subject to state regulation in the interest of public safety. Ohio's traffic laws, such as requiring a driver's license and obeying stated speed limits are reasonable state regulations in place to protect the public and promote safety on Ohio's roadways. Said regulations are a valid exercise of the State's police power and simply do not restrict Appellant's fundamental right to travel.[3] Appellant's argument that he is not subject to Ohio's traffic laws (here, speed limits) is not well-taken.

**{¶14}** Appellant's argument that he is not subject to the traffic laws, including R.C. 4511.21, because he was not engaged in commercial activity is likewise without merit. Ohio law makes no distinction in its enforcement of its traffic laws. As set forth, Ohio's

---

[3] The United States Supreme Court cases cited by Appellant, who is *pro se*, are simply not on point and are not dispositive under the facts of this case, no matter how much Appellant tries to assert the principles from those cases.

traffic laws are a valid exercise of the State's police power and are intended to promote safety for all users of public roadways. *Spalding v. Waxler*, 2 Ohio St. 2d 1, 4 (1965) (recognizing that the traffic provisions set forth R.C. 4511.21 were enacted for the public safety and establish specific requirements to be followed by operators of motor vehicles). Such provisions apply equally to all motorists – including Appellant - regardless of whether their travel is for business, commercial, leisure, or personal reasons. Such provisions apply because they do not impede one's fundamental right to travel. Thus, Appellant's first and second assignments of error are overruled.

{¶15} In his third assignment of error, Appellant argues the court erred in allowing the prosecution to proceed where the element of "willfulness" could not be proven beyond a reasonable doubt, as required by constitutional standards. Appellant's argument is frivolous. The speeding provision set forth in R.C. 4511.21(D)(1) does not contain any element of culpability.

{¶16} First, R.C. 2901.22 sets forth the culpable mental states for criminal offenses, namely purposely, knowingly, recklessly, and negligently. "Willfulness" is not even listed as a culpable mental state. Second, and more importantly, R.C. 2901.21 states in relevant part:

(A)     *Except as provided in division (B) of this section*, a person is not guilty of an offense unless both of the following apply:

(1)     The person's liability is based on conduct that includes either a voluntary act, or an omission to perform an act or duty that the person is capable of performing;

(2)     The person has the requisite degree of culpability for each element as to which a culpable mental state is specified by the section defining the offense.

(B)     When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. * * *

(Emphasis added.)

{¶17}  "Generally, strict liability attaches to offenses which are regulatory in nature and which are designed to protect the health, safety, and well-being of the community." *State v. Buehler Food Markets, Inc.*, 50 Ohio App. 3d 29, 30 (1989). And, when a statute reads "no person shall engage" in certain conduct, and does not reference a culpable mental state, the statute indicates a legislative intent to impose strict liability. *State v. Shaffer*, 114 Ohio App.3d 97, 102–103 (3d 1996); *State v. Finn*, 2009–Ohio–4949, ¶¶ 23–29 (2d Dist.).  Here, R.C. 4511.21(D) states "no person shall" operate a motor vehicle on a street or highway (1) "[a]t a speed exceeding fifty-five miles per hour * * *."  This section is clearly designed to protect the safety and well-being of all motorists on Ohio's roads. It "does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability" for the conduct described.  See R.C. 2901.21(B).  Thus, R.C. 4511.21(D)(1), for which Appellant was found guilty, is a strict liability offense and does not require the State to prove "willfulness" or any other culpable mental state.  Appellant's third assignment of error is without merit and overruled.

## CONCLUSION

{¶18} Appellants' first, second, and third assignments of error are overruled in their entirety and the judgment of the Perry County Municipal Court, Perry County, Ohio, finding Appellant guilty of speeding, in violation of R.C. 4511.21(D)(1) is affirmed.

{¶19} Costs to Appellant.

By: Montgomery, J.

Hoffman, P.J. and

King, J. concur.