The STATE of Ohio, Appellee,

v.

HOOVER, Appellant.

[Cite as *State v. Hoover*, 173 Ohio App.3d 487, 2007-Ohio-5773.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–07–11.

Decided Oct. 29, 2007.

488

Jonathan Tyack, for appellant.

Tim M. Aslaner, City Law Director, for appellee.

WILLAMOWSKI, Judge.

{¶ 1} Defendant-appellant, Corey A. Hoover, brings this appeal from the judgment of the Marysville Municipal Court denying his motion to dismiss.

{¶ 2} On September 8, 2006, Hoover was stopped while driving his automobile by a Union County sheriff's deputy. Hoover refused to submit to a warrantless search to determine alcohol content, i.e., a breath test in this case. As a result of the stop, Hoover was cited under R.C. 4511.19(A)(2) for driving while under the influence of alcohol. Hoover subsequently filed a motion to dismiss the charge by claiming that the statute violated his constitutional rights. On February 1, 2007, the trial court overruled the motion to dismiss. Hoover changed his plea to no contest on March 1, 2007, and the trial court, having found that Hoover was operating a motor vehicle while impaired, had a prior OVI conviction within six years, and refused to take the chemical test to determine alcohol content, ruled that Hoover was guilty of violating R.C 4511.19(A)(2). The trial court then sentenced Hoover pursuant to R.C. 4511.19(G)(1)(b)(ii). Hoover appeals from this judgment and raises the following assignment of error.

The trial court erred in overruling [Hoover's] motion to dismiss the single charge of drunk driving filed against [Hoover] pursuant to R.C. 4511.19(A)(2).

{¶ 3} Although the assignment of error claims that the trial court erred in denying the motion to dismiss, the arguments raised by both Hoover and the state concern the sentence to be imposed for a violation. Both parties argued at oral argument the constitutionality of R.C. 4511.19(A)(2) as it is incorporated into R.C. 4511.19(G)(1)(b)(ii), which is the relevant sentencing statute.

{¶ 4} Hoover's assignment of error concerns his motion to dismiss. Hoover in essence claims that the charge should have been dismissed because it criminalizes the refusal to take a chemical test to determine his alcohol content. Hoover was charged with violating R.C. 4511.19(A)(2), which provides:

No person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, division (A)(1) or (B) of this section, or a municipal OVI offense shall do both of the following:

(a) Operate any vehicle * * * within this state while under the influence of alcohol, a drug of abuse, or a combination of them;

(b) Subsequent to being arrested for operating the vehicle * * *, being asked by a law enforcement officer to submit to a chemical test or tests under [R.C. 4511.191], and being advised by the officer in accordance with [R.C. 4511.192] of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests.

R.C. 4511.19(A)(2). The statute requires proof of more than just a refusal of the test. The basis for the criminal offense is not that the test was refused, but that the driver was under the influence at the time and that the driver had a prior OVI within the last 20 years. Since there was evidence before the trial court that Hoover was operating the motor vehicle while under the influence in addition to the other elements, the trial court did not err in denying the motion to dismiss. Thus, the assignment of error as specified is overruled.

{¶ 5} Although the motion to dismiss need not be granted, the arguments raised by counsel throughout the case have raised the issue of the constitutionality of increasing the sentence merely for refusing the warrantless search by way of chemical test. This is a matter of first impression in the state.[1] R.C. 4511.191(A)(2) states, "Any person who operates a vehicle * * * upon a highway or any public or private property used by the public for vehicular travel or parking within this state or who is in physical control of a vehicle * * * shall be deemed to have given consent to a chemical test or tests of the person's whole blood, blood serum or plasma, breath, or urine to determine the alcohol * * * content of the person's whole blood, blood serum or plasma, breath, or urine if arrested for a violation of division (A) or (B) of Section 4511.19 of the Revised Code * * *." By driving a vehicle upon the road, the driver consents to a search to determine his or her alcohol content upon probable cause of the officer. At the time of the stop, Hoover withdrew his implied consent to search. A withdrawal of this consent results in a suspension of the driver's license to drive. R.C.

---

1. This is probably a matter of first impression because defendants in cases such as this are typically charged under both R.C. 4511.19(A)(1) and (A)(2).

4511.19.1(B). This statute has been reviewed and found to be constitutional by the Ohio Supreme Court. *McNulty v. Curry* (1975), 42 Ohio St.2d 341, 71 O.O.2d 317, 328 N.E.2d 798; *Hoban v. Rice* (1971), 25 Ohio St.2d 111, 54 O.O.2d 254, 267 N.E.2d 311; and *State v. Starnes* (1970), 21 Ohio St.2d 38, 50 O.O.2d 84, 254 N.E.2d 675. Specifically, the implied-consent statute was found not to violate the Fourth or Fourteenth Amendments to the United States Constitution. Id.

{¶ 6} Hoover argues that in this case, his criminal punishment is enhanced solely because he withdrew his consent. The only difference between a charge pursuant to R.C. 4511.19(A)(2) and one pursuant to R.C. 4511.19(A)(1) is the defendant's revocation of the consent to the warrantless search to determine alcohol content, i.e., a breath test in this case. The United States Supreme Court has previously held that the use of a chemical test to determine alcohol content of a person is a search under the Fourth Amendment. *Schmerber v. California* (1966), 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908. As discussed above, there are administrative consequences for revoking one's consent to the warrantless search that have been found to be constitutional. However, in this case, the minimum criminal penalty is doubled solely because Hoover revoked his consent to the warrantless search. One convicted under R.C. 4511.19(A)(1)(a) through (e) who has a prior conviction within six years must serve a mandatory jail term of not less than ten days. R.C. 4511.19(G)(1)(b)(i). That same defendant would be required to serve a minimum mandatory jail term of 20 days if he or she were to revoke the consent to search. R.C. 4511.19(G)(1)(b)(ii). Thus, the minimum criminal penalty to be imposed is doubled merely because a defendant revokes his or her consent to search.[2]

{¶ 7} The question of whether a breath test is a search under the Fourth Amendment has been decided in the affirmative. *Schmerber*, supra. A state is permitted to require consent to this search in order to obtain a driver's license. Id. As discussed above, R.C. 4511.191 does require a motorist to give consent or face administrative penalties. However, the statute does not force a person to submit to a test. *Maumee v. Anistik* (1994), 69 Ohio St.3d 339, 342, 632 N.E.2d 497. A person may revoke his or her implied consent to the warrantless search to determine alcohol content after being informed of the consequences of doing so by the officer. Id. The Ohio Supreme Court has previously held that the Fourth Amendment prohibits placing a defendant in a position of choosing between allowing a warrantless search or facing criminal penalties. *Wilson v. Cincinnati* (1976), 46 Ohio St.2d 138, 75 O.O.2d 190, 346 N.E.2d 666. Although the facts in Wilson concerned a property inspection, the underlying principle is

---

2. The state is not prohibited from conducting the search, just from conducting the search without a court order. The state can still obtain a court order for a chemical test, and the defendant would be compelled to comply.

that a defendant cannot be criminally penalized for exercising a constitutional right to revoke consent. *State v. Scott M.* (1999), 135 Ohio App.3d 253, 733 N.E.2d 653, citing *Camara v. Mun. Court of San Francisco* (1967), 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930. A suspect may limit or revoke consent to a warrantless search even after the search has begun. *State v. Riggins*, 1st Dist. No. C–030626, 2004-Ohio-4247, 2004 WL 1800714, ¶ 27. The use of the implied-consent statute can constitutionally require one to consent to a warrantless search or face administrative consequences. It cannot require that one comply or face criminal sanctions. "[T]he act of refusing a chemical test for alcohol, standing alone, does not constitute a criminal 'offense' of any kind." *State v. Gustafson* (1996), 76 Ohio St.3d 425, 439, 668 N.E.2d 435. "[The Ohio Supreme Court] has historically and repeatedly characterized driver's license suspensions imposed pursuant to Ohio's implied consent statutes as being civil in nature and remedial in purpose." Id. at 440, 668 N.E.2d 435. To apply a criminal penalty to the exercise of a constitutional right, the right to refuse a warrantless search by the government, is improper. See *State v. Morris*, 159 Ohio App.3d 775, 2005-Ohio-962, 825 N.E.2d 637 (finding it improper to increase a sentence because of the defendant's exercise of the right to a jury trial); *State v. Glass*, 8th Dist. No. 83950, 2004-Ohio-4495, 2004 WL 1903251 (holding it improper for trial court to use the exercise of constitutional right as an aggravating factor in sentencing); and *State v. Scott*, 4th Dist. No. 06CA3, 2006-Ohio-4731 (holding it improper for trial court to increase a sentence because of the exercise of a right to trial). Since the only difference between a minimum mandatory sentence of ten days and a minimum mandatory sentence of 20 days is the revocation of the consent to a warrantless search, a criminal penalty is being imposed for the refusal, which is not in and of itself a criminal offense.[3]

{¶ 8} Having found a constitutional problem with the application of the sentencing portion of the statute, we must next decide what to do about the problem. "If any provisions of a section of the Revised Code or the application thereof to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the section or related sections which can be given effect without the invalid provision or application, and to this end the provisions are severable." R.C. 1.50. Severance is appropriate only when (1) the constitutional and unconstitutional parts are capable of separation so that each may be read and may stand by itself, (2) that the unconstitutional part is not so connected with the general scope of the whole as to make it impossible to give effect to the apparent intention of the legislature if the clause or part is stricken,

---

3. A review of the statute seems to indicate that a similar problem may be found in R.C. 4511.19(G)(1)(a)(ii). However, this issue was not raised in this matter and is not addressed by this court.

and (3) the insertion of words or terms is not necessary to give effect only to the constitutional portion. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 95, citing *Geiger v. Geiger* (1927), 117 Ohio St. 451, 160 N.E. 28. A review of the statute in question indicates that severance in this case is appropriate. The statute as written currently reads as follows.

(ii) If the sentence is being imposed for a violation of division (A)(1)(f), (g), (h), or (i) or division (A)(2) of this section, except as otherwise provided in this division, a mandatory jail term of twenty consecutive days.

R.C. 4511.19(G)(1)(b)(ii). This court severs the phrase "or division (A)(2)" from the statute.[4] By doing so, the minimum mandatory criminal penalty is not increased due to the refusal to consent to search without a warrant. The result is that a conviction under R.C. 4511.19(A)(2) with a prior conviction in the past six years does not have a listed sentence. Since no sentence is provided, the statute must be interpreted against the state, and the defendant is entitled to the lesser sentence of all of the offenses, which are sentenced pursuant to R.C. 4511.19(G)(1)(b). Because of the prior conviction, the defendant will properly be sentenced under R.C. 4511.19(G)(1)(b)(i). This statute provides for a minimum, mandatory jail term of ten consecutive days for one who has a previous conviction for OVI within the last six years. R.C. 4511.19(G)(1)(b)(i).[5] Thus, this is the sentence that should be imposed for a violation of R.C. 4511.19(A)(2) when the prior OVI occurred within the last six years.

{¶ 9} For the reason set forth above, the judgment of the Marysville Municipal Court is reversed, and the matter is remanded for resentencing consistent with this opinion.

Judgment reversed
and cause remanded.

ROGERS, P.J., and PRESTON, J., concur.

---

4. The statute in question was in effect from August 17, 2006, until April 4, 2007. However, this court notes that the current version of the statute contains the same language as the one in effect at the time of Hoover's offense.

5. Although this court realizes that some could argue that this severance might encourage offenders to refuse the test, the Constitution requires that their right to exercise their constitutional rights be protected without threat of punishment by the government for doing so. A refusal still results in administrative penalties and does not prevent the state from using the refusal to infer intoxication at trial. Thus, the ruling does not affect the state's ability to obtain a conviction for operating a motor vehicle while under the influence, which is the purpose of the statute. The sole effect of this ruling is to prevent the state from criminally penalizing the exercise of a constitutional right.