**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a1015n.06

No. 13-3330

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Dec 04, 2013

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| COREY HOOVER, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| STATE OF OHIO, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| Respondent-Appellee. | ) | DISTRICT OF OHIO |
| | ) | |

BEFORE:  McKEAGUE and STRANCH, Circuit Judges; COLLIER, District Judge.[*]

PER CURIAM.  Corey Hoover, an Ohio citizen, appeals through counsel a district court judgment denying his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.

Hoover was arrested for drunk driving after police observed him driving over the center line, and he was found to smell of alcohol, admitted to drinking, and was unable to pass the field sobriety tests.  Hoover refused to take a breathalyzer test.  He was charged with violating Ohio Revised Code § 4511.19(A)(2), which has three elements:  driving under the influence, having a prior conviction of driving under the influence, and refusing a breathalyzer test.  Because Hoover refused to take the breathalyzer test, his mandatory minimum sentence was doubled.  Hoover moved to dismiss the charge against him, arguing that the statute was unconstitutional because it penalized him for invoking his Fourth Amendment rights.  The trial court denied the motion to dismiss, and Hoover

---

[*]The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

entered a no contest plea.  He was sentenced to sixty days of imprisonment, but the sentence was stayed while Hoover pursued his challenge to the statute.

The Ohio Court of Appeals agreed with Hoover's argument that he should not be subject to increased criminal penalties for refusing to take a breathalyzer test, and it vacated his sentence. *State v. Hoover*, 878 N.E.2d 1116 (Ohio Ct. App. 2007).  The Supreme Court of Ohio, in a four-to-three decision, reversed the decision of the Court of Appeals and reinstated Hoover's sentence. *State v. Hoover*, 916 N.E.2d 1056 (Ohio 2009).  The United States Supreme Court denied certiorari. *Hoover v. Ohio*, 559 U.S. 1093 (2010).  Hoover then filed a petition for federal habeas corpus relief. A magistrate judge recommended that the petition be denied, and the district court adopted this recommendation over Hoover's objections, but granted Hoover a certificate of appealability.

In order to be entitled to federal habeas corpus relief, Hoover was required to show that the Ohio Supreme Court's decision was contrary to or an unreasonable application of federal law clearly established by the Supreme Court.  *See Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006). Unfortunately for Hoover, the Supreme Court has not spoken directly on this issue.  He relies on *Camara v. Municipal Court*, 387 U.S. 523, 540 (1967), for the proposition that he may not constitutionally be convicted for refusing to consent to a warrantless search.  That case involved a property owner who was faced with criminal charges for refusing to allow an inspection of his property.  The Supreme Court noted that there was no probable cause to believe that the property owner had violated any law, and that there were no exigent circumstances that prevented the government from obtaining a warrant. *Id*. at 539.  In Hoover's case, there was probable cause to believe that he was guilty of driving under the influence, and he had already been arrested on that charge. The Supreme Court has also held that under exigent circumstances, even the more invasive

blood test without a warrant to determine intoxication incident to an arrest for drunk driving is not an unreasonable search under the Fourth Amendment. *Missouri v. McNeely*, 133 S. Ct. 1552, 1556 (2013); *Schmerber v. California*, 384 U.S. 757, 771 (1966). Therefore, Hoover's reliance on *Camara* is unavailing, as it is distinguishable from his case. The property owner in *Camara* had the right to insist on a warrant, and Hoover did not.

Because Hoover has not established that the Ohio Supreme Court's rejection of his claim is contrary to or an unreasonable application of federal law clearly established by the Supreme Court, the denial of his petition for a writ of habeas corpus is affirmed.

No. 13-3330
*Hoover v. State of Ohio*

STRANCH, Circuit Judge, concurring.

The statute at issue in this case is unusual: It criminalizes the refusal to submit to a breathalyzer test. Such laws, which are not common, raise unanswered questions regarding the limits of implied consent statutes and the imposition of criminal penalties for refusing a warrantless search. *See* Note, Taryn Alexandra Locke, *Don't Hold Your Breath: Kansas's Criminal Refusal Law is on a Collision Course with the U.S. Constitution*, 52 Washburn L.J. 289 (2013); D. Bernard Zaleha, *Alaska's Criminalization of Refusal to Take a Breath Test: Is it a Permissible Warrantless Search Under the Fourth Amendment*, 5 Alaska L. Rev. 263 (1988). The Supreme Court has not yet addressed this kind of statute. But as we stated in *Slagle*, "a state court . . . does not act contrary to clearly established law when the precedent of the Supreme Court is ambiguous or nonexistent." 457 F.3d at 514.

I concur, therefore, only because Hoover has not satisfied AEDPA's strict requirement that his conviction is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d).