[Cite as *State v. Arnold*, 2024-Ohio-4503.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-1 |
| | : | |
| v. | : | Trial Court Case No. 23-CR-0477 |
| | : | |
| ZAEVION ARNOLD | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on September 13, 2024

. . . . . . . . . . .

LUCAS W. WILDER, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Zaevion Arnold appeals from his convictions following his plea of guilty to improper discharge of a firearm at or into a habitation, tampering with evidence, and receiving stolen property. He challenges the sentence imposed by the trial court. For the reasons set forth below, we affirm.

# I.      Factual and Procedural History

{¶ 2} On May 30, 2022, officers were dispatched to the residence of A.I., who stated that someone had fired shots toward her home.   Security camera video showed that two individuals had exited a black SUV and walked toward her home.   Shots can then be heard on the video, and the two men ran back to the SUV and left the scene. The video also showed the SUV driving past A.I.'s home earlier that same day.   In the morning hours of May 31, 2022, the same SUV drove by the house again and more shots were fired.

{¶ 3} Following an investigation, Arnold was identified as one of the shooters.   He was charged as a juvenile but was subsequently bound over to the general division of the common pleas court to be tried as an adult.   In July 2023, Arnold was indicted on one count each of improper discharge of a firearm at or into a habitation, discharge of a firearm on or near prohibited premises, improper handling of a firearm in a motor vehicle, tampering with evidence, having weapons under disability, and receiving stolen property. The counts of improper discharge of a firearm into a habitation and discharge of a firearm on prohibited premises carried attendant firearm specifications.

{¶ 4} The matter proceeded to a jury trial, but after the trial had commenced, Arnold entered into a plea agreement with the State. Arnold pled guilty to improper discharge of a firearm at or into a habitation, tampering with evidence, and receiving stolen property; in exchange, the State dismissed the remaining counts and the firearm specifications.

{¶ 5} At sentencing, the trial court imposed an indefinite sentence of 7 to 10½ years for improper discharge of a firearm, a definite sentence of three years for tampering with evidence, and a definite sentence of one year for receiving stolen property. The trial court ordered the sentences to be served consecutively, for an aggregate prison term of 11 to 14½ years.

{¶ 6} Arnold appeals.

## II. Sentence Proportionality

{¶ 7} Arnold's sole assignment of error states:

THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO SIX MORE YEARS IN PRISON THAN HIS CO-DEFENDANT IN VIOLATION OF R.C. 2929.11(B).

{¶ 8} Arnold claims his sentence should be vacated because it is "grossly disproportionate" to that imposed upon the codefendant involved in the shooting.

{¶ 9} This exact issue was recently addressed in *State v. Williamson*, 2024-Ohio-1599 (10th Dist.), wherein the court stated:

R.C. 2953.08(G)(2) generally governs our review of felony sentences. *See, e.g., State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 26-42. Under that statute, we are permitted to modify or vacate a sentence only if we clearly and convincingly find either: (1) the record does not support the sentencing court's findings under certain statutes, none of which are implicated here; or (2) the sentence is otherwise contrary to law. *Id.* at

¶ 30-39; R.C. 2953.08(G)(2).

Relevant here, a sentence is contrary to law if the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *See, e.g., State v. Dodson*, 10th Dist. No. 20AP-297, 2021-Ohio-2415, ¶ 11, quoting *State v. Haddad*, 10th Dist. No. 16AP-459, 2017-Ohio-1290, ¶ 19. However, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42.

Central to [the defendant's] assignment of error is his general dissatisfaction with receiving a longer prison sentence than his codefendant. Specifically, he takes issue with the trial court's application of R.C. 2929.11(B), which states:

A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in [R.C. 2929.11(A)], commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and *consistent with sentences imposed for similar crimes committed by similar offenders*.

(Emphasis added.)

Initially, we note that although [the defendant] contends that his

sentence is "disproportionate" to his codefendant's, his argument is, in reality, one of consistency. "For purposes of R.C. 2929.11(B), 'consistency' relates to the sentences in the context of sentences given to other offenders; 'proportionality' relates solely to the punishment in the context of the offender's conduct (does the punishment fit the crime)." *State v. Moore*, 8th Dist. No. 99788, 2014-Ohio-5135, ¶ 17. *See also State v. Murphy*, 10th Dist. No. 12AP-952, 2013-Ohio-5599, ¶ 13.

. . .

Consistency in sentencing is accomplished by the trial court's consideration and application of the controlling statutory sentencing factors and guidelines in the Ohio Revised Code. *See, e.g., Murphy* at ¶ 13, quoting *State v. McMichael*, 10th Dist. No. 11AP-1042, 2012-Ohio-3166, ¶ 42, citing *State v. Hayes*, 10th Dist. No. 08AP-233, 2009-Ohio-1100, ¶ 9; *State v. Holloman*, 10th Dist. No. 07AP-875, 2008-Ohio-2650, ¶ 19. There is no requirement that codefendants receive equal sentences. *State v. Hall*, 179 Ohio App.3d 727, 2008-Ohio-6228, ¶ 10 (10th Dist.), citing *State v. Templeton*, 5th Dist. No. 2006-CA-33, 2007-Ohio-1148, ¶ 103. Rather, "consistency has a goal of similar sentences for similar offenses." *Murphy* at ¶ 14, citing *State v. Battle*, 10th Dist. No. 06AP-863, 2007-Ohio-1845. "As a result, consistency includes a range of sentences, taking into consideration a trial court's discretion to weigh the relevant statutory factors." *Id.* Thus, even where offenses are similar, "distinguishing factors

may justify dissimilar sentences." *Id.*, citing *Battle* at ¶ 24. "A consistent sentence is not derived from a case-by-case comparison; rather, the trial court's proper application of the statutory sentencing guidelines ensures consistency." *Hall* at ¶ 10, citing *State v. Swiderski*, 11th Dist. No. 2004-L-112, 2005-Ohio-6705, ¶ 58.

. . .

It is well-established that a trial court has "full discretion to impose a prison sentence within the applicable sentencing range." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, ¶ 100. And "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *Jones*, 2020-Ohio-6729 at ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). . . . The trial court was not required to make any specific findings on the record as to its application of the "consistency" requirement in R.C. 2929.11(B) or any of the sentencing factors.

*Williamson at* ¶ 16-25.

{¶ 10} In Arnold's case, in explaining its sentencing, the trial court noted that the codefendant had entered a guilty plea to one offense while Arnold had entered guilty pleas to three offenses. The trial court also found that Arnold had shown no remorse and indeed had denied responsibility for the offenses during his presentence investigation (PSI) interview. Importantly, the trial court noted that Arnold had been previously adjudicated delinquent for an offense that would constitute a felony gun offense had he

been an adult.

{¶ 11} The trial court expressly stated that it had considered and applied the R.C. 2929.11 and 2929.12 sentencing factors in determining what sentence was appropriate to the circumstances surrounding Arnold's case. Based on our review of the sentencing hearing transcript and the trial court's judgment entry, we find no basis for concluding the trial court failed to properly consider the relevant sentencing factors. Further, the sentences imposed were within the allowable statutory range for each offense. Thus, we find no merit in Arnold's argument.

{¶ 12} Because Arnold's assignment of error arguably challenges the imposition of consecutive sentences by the trial court, we will also examine whether the trial court erred in that aspect of sentencing.

{¶ 13} When multiple prison terms are imposed, Ohio law presumes those sentences will run concurrently rather than consecutively. R.C. 2929.41(A). However, R.C. 2929.14(C)(4) permits the imposition of consecutive sentences if the trial court makes the findings prescribed by the statute. Specifically, the trial court must find that: (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) one or more of the following three findings is made:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or

was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 14} "[W]here a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Withrow*, 2016-Ohio-2884, ¶ 38 (2d Dist.). Under R.C. 2953.08(F), the "record" includes, among other things, any presentence or other report submitted to the trial court, the trial record in the case, and any oral or written statements made by or submitted to the trial court at the sentencing hearing. The clear-and-convincing standard requires "a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, (1954), paragraph three of the syllabus.

{¶ 15} There is no dispute the trial court made the requisite findings for the imposition of consecutive sentences. Thus, the question before us is simply whether we

can clearly and convincingly find that the record does not support the trial court's findings.

**{¶ 16}** According to the PSI, Arnold was adjudicated delinquent on May 5, 2022, for offenses which would have constituted felony crimes of carrying a concealed weapon and receiving stolen property had he been an adult. The charge of receiving stolen property was reduced to a misdemeanor. In the June 2022 judgment entry in that case, Arnold was placed on intensive probation. As part of that probation, he was ordered to have no contact with the man who took part in the offenses at issue in this case. Thus, at the time he committed the instant offenses, Arnold had a history of committing a felony gun offense and of violating the terms of his probation. R.C. 2929.14(C)(4)(c).

**{¶ 17}** Based upon our review, we cannot clearly and convincingly conclude that the record does not support the trial court's consecutive sentencing findings.

**{¶ 18}** Because we find no error in sentencing, the sole assignment of error asserted by Arnold is overruled.

### III.    Conclusion

**{¶ 19}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .


WELBAUM, J. and LEWIS, J., concur.